IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVE OTTO, et al. : CIVIL ACTION
:
v. :
:
COMMERCE STREET : NO. 12-2472
CAPITAL, et al. :

**MEMORANDUM ORDER**

AND NOW, this 29th day of May, 2013, upon consideration of plaintiffs' Motion in Limine to Exclude Evidence of Other Personal Injury Claims and Lawsuits (Doc. 26) (the "Motion"), and defendants' response thereto (Doc. 34), it is hereby

**ORDERED**

that the Motion is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiffs seek to preclude the admission of evidence concerning: (1) three prior accidents in which plaintiff, Steve Otto, was involved, and (2) two prior lawsuits filed by his wife, and fellow plaintiff, Marla Otto. Plaintiffs argue that this evidence is irrelevant under Fed. R. Evid. 402, and should be excluded by Fed. R. Evid. 403 because any probative value of the evidence is outweighed by the danger of unfair prejudice, or its tendency to confuse and mislead the jury.

This case concerns alleged damages resulting from an automobile accident. Mr. Otto alleges that on October 11, 2011, his automobile was hit by defendant Dory Wiley's automobile while he was driving. Defendants claim that the impact to Mr. Otto's automobile was minimal and that he sustained no injuries. In the Complaint, however, plaintiffs allege that Mr. Otto sustained the following injuries as a result of the impact between the two cars:

> 5. As a result of the aforesaid collision, the plaintiff sustained serious injuries in and about the head, body and extremities including, but not limited to, re-aggravation of acute cervical and lumbosacral strain and sprain with myofascitis, acute myofascial syndrome, aggravation of pre-existing degenerative changes, bilateral L4 radiculopathy, disk protrusion at L3-4 and L4-5, large central herniated disk at C6-7, and a severe shock to the nerves and nervous system, which injuries are or may be permanent. Plaintiff has suffered and may continue to suffer great physical pain, serious and permanent injury and mental anguish; plaintiff has been and may continue to be prevented from attending to plaintiff's usual activities, duties and occupations and has suffered and may continue to suffer a loss of earnings and earning capacity.

Compl. ¶ 5. In addition, Mrs. Otto has filed a loss of consortium claim, alleging that as a result of her husband's accident on October 11, 2011, she "was deprived of the services, society, companionship and consortium" of her husband. Id. ¶ 9.

By their Motion, plaintiffs seek to exclude evidence that Mr. Otto was injured in motor vehicle collisions in 2004, 2008, and 2012 for which he filed three separate lawsuits. Mrs. Otto joined in such suits, claiming loss of consortium. Plaintiffs also seek to exclude evidence of two previous personal injury lawsuits filed by Mrs. Otto, one for a fall in 2006 and a second, for a vehicle collision in 2008.

In their opposition to the Motion, defendants argue that the evidence of the prior accidents and lawsuits is admissible as impeachment evidence to challenge the credibility of plaintiffs. Specifically, defendants point out that in all of Mr. Otto's lawsuits, he made similar claims for injuries as he presents in the case at bar. For example, in the Complaint, Mr. Otto filed for the November 20, 2008 automobile accident he alleged he sustained "serious injuries in and about the head, body and extremities including, but not limited to, cervical and lumbosacral strain and sprain with myofascitis, myofascial syndrome, post-traumatic cephalgia, cervical and

lumbar radiculitis, tinnitus and imbalance, and a severe shock to the nervous system, which injuries are or may be permanent." See Resp., Exh. B at 7. As a result of the November 8, 2004 automobile accident, Mr. Otto also claimed injuries to his neck and low back; he also brought an underinsured motorist claim. On November 12, 2012, Mr. Otto was involved in another motor vehicle accident and again claimed that he injured his neck and back. Indeed, in testimony given in this case, Mr. Otto admitted that he made claims for identical injuries in all four automobile accidents for which he made claims, to wit, neck and back pain and dizziness and ringing in his ears. See Resp., Exh. C, N.T. 11/28/12 at 11:14-19, 13:12-17, 31:21-33:7. In addition, defendants' counsel represents that the medical records from the same treating doctor pertinent to the 2008 and 2012 accidents overlap with treatment and records at issue in this 2011 case. See Resp. at 4.

Fed. R. Evid. 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that one a particular occasion the person acted in accordance with the character." It allows, however, for the admission of such evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). In order for evidence to be admissible under Rule 404(b), "other acts evidence must be offered for a proper purpose, i.e., a purpose other than showing that an individual has a propensity or disposition for certain activity." Ansell v. Green Acres Contracting Co., Inc., 347 F.3d 515, 520 (3d Cir. 2003).[1]

---

[1] In Ansell, the Third Circuit explained:

> Rule 404(b) thus prohibits the admission of other acts evidence for the purpose of showing that an individual has a propensity or disposition to act in a particular manner. Gov't of the Virgin Islands v. Pinney, 967 F.2d 912, 914 (3d

3

See also Outley v. Goetz, 837 F.2d 587, 592 (2d Cir. 1988) (pursuant to Rule 404(b), a defendant is not permitted to admit evidence of plaintiff's prior lawsuits for the purpose of proving that plaintiff is litigious). However, evidence of prior lawsuits may be admissible at trial for impeachment purposes. See id at 593 (impeachment of credibility is a proper use of evidence of

> Cir. 1992). Such evidence may, however, be admitted if offered for a proper purpose apart from showing that the individual is a person of a certain character. Id.
>
> The typical Rule 404(b) case presents a prosecutor in a criminal case seeking to introduce evidence of prior bad acts of a defendant. If the purpose of the evidence is to show that the conduct charged was not performed inadvertently, accidentally, or without guilty knowledge and intent (that is, for one of the specific permissible uses outlined in Rule 404(b)), it is admissible. See, e.g., Givan, 320 F.3d at 460-62 (discussing admissibility of prior conviction for drug distribution to show knowledge, intent, and absence of mistake with respect to nature of drugs); United States v. Vega, 285 F.3d 256, 261-62 (3d Cir. 2002) (discussing admissibility of prior bad acts to show knowledge with respect to drug conspiracy). If the evidence is presented for the improper purpose of showing a propensity to act in a certain way, it is inadmissible. The evidence admitted in this case differs from garden variety Rule 404(b) matter because it is evidence, not of a prior bad act in a criminal case, but of a subsequent good act in a civil case. Nonetheless, this evidence is encompassed by the plain text of Rule 404(b) which addresses "other . . . acts," not just prior bad acts. See United States v. Echeverri, 854 F.2d 638, 645 (3d Cir. 1988) ("[T]here may be cases in which evidence of subsequent . . . acts may properly be admitted under Rule 404(b) [to show knowledge or intent.]"); see also United States v. Germosen, 139 F.3d 120, 128 (2d Cir. 1998) ("The fact that the evidence involved a subsequent rather than prior act is of no moment."). Likewise, Rule 404(b) applies equally to civil, as well as criminal, cases. Fed. R. Evid. 404 advisory committee's note.
>
> For other acts evidence to be admissible under the exceptions listed in Rule 404(b), (1) the evidence must have a proper purpose; (2) it must be relevant under Rule 401 and 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it was admitted. United States v. Sampson, 980 F.2d 883, 886 (3d Cir. 1992) (citing Huddleston v. United States, 485 U.S. 681, 691-92, 108 S. Ct. 1496, 99 L. Ed.2d 771 (1988)).

Ansell, 347 F.3d at 521 (emphasis added).

prior lawsuits). See also Barbee v. Southeastern Pennsylvania Trans. Auth., 323 F.App'x 159, 161 (3d Cir. 2009) (not precedential) (evidence of plaintiff's involvement in twenty-four prior civil suits admitted for impeachment purposes).

Moreover, Fed. R. Evid. 403 provides, that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 404(b) other acts evidence can be excluded under Rule 403 if the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. United States v. Bergrin, 682 F.3d 261, 278 (3d Cir.), cert. denied, 133 S. Ct. 674 (2012). Limiting instructions may be appropriate when admitting Rule 404(b) evidence. Id.

**Evidence of Mr. Otto's other lawsuits**

The court concludes that defendants may show that Mr. Otto filed lawsuits on three other occasions and made nearly identical damage claims. Such evidence is relevant under Rule 402 to defendants' argument that Mr. Otto's injuries were pre-existing and not caused by the accident that is the subject of the case at bar. Defendants are permitted to show that the October 2011 accident did not cause Mr. Otto's injuries and that Mr. Otto should not recover compensation multiple times for the same injuries. Furthermore, evidence of Mr. Otto's prior lawsuits supports defendants' argument that Mr. Otto's claim for damages in the instant case is not credible. See Tomaino v. O'Brien, 315 F.App'x 359, 361 (2d Cir. 2009) (not precedential) (a jury can infer from five previous lawsuits in which plaintiff made "strikingly similar claims, that

5

his testimony in support of a sixth such suit was not credible."). However, defendants may not introduce evidence of Mr. Otto's other lawsuits for an improper purpose under Rule 404(b), that is, to show that Mr. Otto has a propensity for filing lawsuits.

In addition, the court finds that under Fed. R. Evid. 403, the probative value of the similar civil pleadings filed by Mr. Otto is not substantially outweighed by the danger of unfair prejudice. Any potential prejudice to plaintiffs by the admission of evidence concerning Mr. Otto's prior lawsuits can be prevented by a limiting instruction, which the court will give if requested by plaintiffs. See United States v. DeMuro, 677 F.3d 550, 563-64 (3d Cir. 2012) (finding district court gave proper limiting instruction when it instructed the jury on the limited purposes of the evidence).

**Evidence of Mrs. Otto's other lawsuits**

For the same reasons articulated above, the court will allow defendants to introduce evidence of Mrs. Otto's claims of loss of consortium that were presented in Mr. Otto's prior lawsuits. Mrs. Otto's prior claims of loss of consortium are based on the injuries alleged by Mr. Otto in his prior automobile accident cases. Thus, evidence of the loss of consortium claims presented by Mrs. Otto in Mr. Otto's prior lawsuits is relevant under Rule 402 to defendants' argument that her current loss of consortium claim is duplicative and pertains to her credibility. Its probative value outweighs its potential prejudicial effect and the court will charge the jury to consider the evidence only for the limited purpose for which it was admitted, if requested by plaintiffs.

However, the court will not permit the introduction of Mrs. Otto's two prior personal injury lawsuits, for a fall in 2006 and for a vehicle collision in 2008. In the instant case,

Mrs. Otto is not making a claim of personal injury and the suit for a fall in 2006 and the suit for a vehicle collision in 2008 do not impeach the credibility of her existing loss of consortium claim. At best, her prior two lawsuits may show that she is litigious, but this is an improper purpose to support admissibility under Rule 404(b).

For the foregoing reasons, the Motion is granted in part and denied in part, as follows. The Motion is granted to the extent that defendants may not introduce evidence of Mrs. Otto's two prior personal injury lawsuits, for a fall in 2006 and for a vehicle collision in 2008. The Motion is denied to the extent that: (1) defendants may introduce evidence that Mr. Otto filed lawsuits on three other occasions and made nearly identical damage claims; and (2) defendants may introduce evidence of Mrs. Otto's claims of loss of consortium that were presented in Mr. Otto's prior lawsuits.

BY THE COURT:

\_\_/s/ Thomas J. Rueter_____
THOMAS J. RUETER
United States Magistrate Judge